DAVID FISHER, ADMINISTRATOR OF THE ESTATE OF ELIPHET M. KIMBALL, DECEASED, v. THE SEVENTH-DAY ADVENTIST PUBLISH- ING ASSOCIATION (A COR- PORATION).

*Gift—Undue influence.*

The question involved in this case is the liability of the defendant for moneys deposited with it by plaintiff's intestate under a promise of repayment, with interest, which liability is denied on the ground that the intestate during his life-time donated the money in defendant's hands to a society under its control, as evidenced by an order signed by the alleged donor in favor of the alleged donee drawn upon the defendant, which order is claimed by the plaintiff to have been obtained by an agent of the defendant by means of undue influence. And it is held that no doubt can exist of defendant's liability under the facts found by the trial judge, which are stated in the opinion, and the judgment is affirmed.

Error to Calhoun. (Hooker, J.) Argued April 8, 1891. Decided May 8, 1891.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Hulbert & Mechem,* for appellant.

*Crane & Breck,* for plaintiff.

GRANT, J. The defendant is an incorporated company. Connected with it and subject to its control is a society known as the "International Tract and Missionary Society," which is unincorporated.

In 1879 plaintiff's intestate, who was a deaf mute, at the solicitation of one Haskell who was an agent for the defendant, deposited at various times various sums of money, with the agreement that it should pay interest thereon. On March 13, 1879, the defendant's books showed the amount so deposited to be $2,200. Interest was paid on this loan from time to time, amounting to $414. After Kimball's death the defendant refused to pay the amount, and this suit was brought to recover the balance, and the interest thereon. Judgment was rendered in favor of plaintiff for $3,388.

The suit was tried before the court without a jury. The defense was that Kimball in his life-time had given this money to the International Tract and Missionary Society. It introduced the following order:

"CEDAR RAPIDS, IOWA, Dec. 29, 1886.
"REVIEW AND HERALD OFFICE,
"Battle Creek, Michigan:
"Please pay to the order of S. N. Haskell, president International Tract and Missionary Society, the sum of twenty-two hundred dollars ($2,200), and charge to my account.
"Your brother in Christ, E. M. KIMBALL.
"Witness: L. C. STARKE."

At the same time two deeds were made out and executed by Kimball, one for land situated in Massachusetts, and the other for land situated in Maine. The findings by the judge in regard to this order and these deeds are as follows:

"The conveyances executed at Cedar Rapids were voluntary and without consideration, and procured by Haskell by unduly influencing the mind of the deceased, to whom he stood in a confidential and fiduciary relation. * * * "The defendant never paid out money upon the order for $2,200. It merely transferred the sum upon its books by charging it to the Home and Foreign Missionary fund, and crediting it to the International Tract and Missionary Society."

The court further found tnat the defendant was sometimes known by the name of Review and Herald, and that the defendant was not a *bona fide* holder of this note. The evidence upon which these findings are based is not given, and the facts found are therefore beyond review by us. Under these facts, no doubt exists of the liability of the defendant, and it therefore becomes unnecessary to determine any of the other questions raised.

Judgment is affirmed.

CHAMPLIN, C. J., MORSE and McGRATH JJ., concurred. LONG, J., did not sit.